LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Taimur Alamgir (TA 9007)
148 West 24th Street, 8th Floor
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MIGUEL BALLINAS and MIGUEL TEJEDA
*on behalf of themselves, FLSA Collective Plaintiffs,*
*and the class,*

                    Plaintiff,

     v.

45 MERCER RESTAURANT, LLC, d/b/a GALLI,
HOST RG 45, LLC,
LOCAL WEST, LLC d/b/a LOCAL WEST,
HOST RG 54, LLC, d/b/a BILL'S
HOST RG 40, LLC d/b/a PRINTERS ALLEY
CAMP 1382, LLC d/b/a CAMPAGNOLA
RED ONE PLAZA, LLC, d/b/a LUCY'S CANTINA
ROYAL, LDV RG LUCY, LLC,
IMIAN 550, LLC, d/b/a PUBLICANS,
CURT HUEGEL, ASH HEDLI, JOHN W. HEIL III,
SEI HOON CHU, and RICHARD WEISFISCH,

                    Defendants.

---

**CLASS AND
COLLECTIVE ACTION
COMPLAINT**

**Jury Trial Demanded**

        Plaintiffs, MIGUEL BALLINAS and MIGUEL TEJEDA (collectively "Plaintiffs"), on

behalf of themselves, FLSA Collective Plaintiffs and Class Members, by and through their

undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants,

45 MERCER RESTAURANT, LLC, d/b/a GALLI, HOST RG 45,  LLC, LOCAL WEST, LLC,

d/b/a LOCAL WEST, HOST RG 40, LLC, d/b/a PRINTERS ALLEY, CAMP 1382, LLC, d/b/a

CAMPAGNOLA, RED ONE PLAZA, LLC d/b/a LUCY'S CANTINA ROYAL, LDV RG

LUCY, LLC, IMIAN 550 LLC d/b/a PUBLICANS (the "Corporate Defendant"), CURT

1

HUEGEL, ASH HEDLI, JOHN W. HEIL III, SEI HOON CHU, and RICHARD WEISFISCH (the "Individual Defendants" and together with the Corporate Defendants, "Defendants"), and state as follows:

## INTRODUCTION

1.   Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages due to an invalid tip credit, (2) unpaid overtime compensation resulting from time shaving, (3) unpaid overtime compensation due to an impermissible policy of rounding hours down,  (4) liquidated damages, and (5) attorneys' fees and costs.

2.   Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages due to an invalid tip credit, (2) unpaid overtime compensation resulting from time shaving, (3) unpaid overtime compensation due to an impermissible policy of rounding hours down,  (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.   This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.   Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.   Plaintiff, MIGUEL BALLINAS, for all relevant time periods, was a resident of Queens County, New York.

6.   Plaintiff, MIGUEL TEJEDA, for all relevant periods, was a resident of Queens County, New York,

7.   Defendants own and collectively operate seven restaurants, "Galli", "Local West", "Bill's", "Printers Alley", "Campagnola", "Lucy's Cantina Royal", and "Publicans" (together, the "Restaurants"). The Restaurants are located at the following addresses:

a)  Galli - 45 Mercer St, New York, New York 10013

b)  Local West - One Penn Plaza West Store Roof, New York, NY 10119

c)  Bill's - 57 East 54th Street, New York, NY 10022

d)  Printers Alley - 215 West 40th Street, New York, NY 10018

e)  Campagnola - 1382 1st Ave, New York, NY 10021

f)  Lucy's Cantina Royal - 1 Penn Plaza (NW) New York, NY 10119.

g)  Publicans - 550 Plandome Rd, Manhasset, NY 11030.

8.  Corporate Defendants:

a.  45 MERCER RESTAURANT, LLC, d/b/a GALLI is a domestic limited liability company organized under the laws of the State of New York, and an address for service of process located at 45 Mercer St. New York, New York 10013.

b.  HOST RG 45, LLC is a domestic limited liability company organized under the laws of the State of New York. HOST RG 45, LLC has an address for service of process located at 242 West 30th Street Ste 504 New York, New York 10001. HOST RG 45, LLC is the parent company of 45 Mercer Restaurant LLC d/b/a Galli.

c.  LOCAL WEST, LLC d/b/a LOCAL is a domestic limited liability company organized under the laws of the State of New York, and an address for service of process located at One Penn Plaza West Store Roof, New York, New York 10119.

d.  HOST RG 54, LLC d/b/a BILL'S is a domestic limited liability company organized under the laws of the State of New York, and an address for service of process located at 242 West 30th Street Suite 504 New York, New York 10001.

e.  HOST RG 40, LLC d/b/a PRINTERS ALLEY is a domestic limited liability company organized under the laws of the State of New York, and an address for service of process located at 242 West 30th Street, Ste. 504 New York, New York 10001.

f.  CAMP 1382, LLC d/b/a CAMPAGNOLA is a domestic limited liability company organized under the laws of the State of New York, and an address for service of process located at 450 7th Avenue, Suite 4200 New York, New York 10123.

g.  RED ONE PLAZA, LLC d/b/a LUCY'S CANTINA ROYAL is a domestic limited liability company organized under the laws of the State of New York, and an address for service of process located at One Penn Plaza, Suite 4421 New York, New York 10119.

h.  IMIAN 550, LLC d/b/a PUBLICANS is a domestic limited liability company organized under the laws of the State of New York, and an address for service of process located at Theodore M. Kakoyiannis c/o Imian Partners, LLC 65 Locust Avenue Suite 105 New Canaan, Connecticut 06840.

9.  Individual Defendants:

a)  CURT HUEGEL is an owner and principal of all Corporate Defendants. CURT HUEGEL exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs, and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees,

4

supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs, and the Class. CURT HUEGEL exercises functional control over the business and financial operations of all Corporate Defendants. At all times, employees could complain to CURT HUEGEL directly regarding any of the terms of their employment, and CURT HUEGEL would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

b) ASH HEDLI is a senior managerial official of Defendants' Restaurants who primarily works as the General Manager of 45 MERCER RESTAURANT, LLC, d/b/a GALLI.  ASH HEDLI exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to ASH HEDLI directly regarding any of the terms of their employment, and ASH HEDLI would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

c) JOHN W. HEIL III, is a co-owner and principal of LOCAL WEST, LLC, HOST RG 40, LLC, and IMIAN 550, LLC.  JOHN W. HEIL III exercises operational control

5

as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to JOHN W. HEIL III  directly regarding any of the terms of their employment, and JOHN W. HEIL III would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

d)  SEI HOON CHU, is a co-owner and principal of LOCAL WEST, LLC.  SEI HOON CHU exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to SEI HOON CHU directly regarding any of the terms of their employment, and SEI HOON CHU would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

e)  RICHARD WEISFISCH is a co-owner and principal of CAMP 1382, LLC. RICHARD WEISFISCH exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. He exercises the power

to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to RICHARD WEISFISCH directly regarding any of the terms of their employment, and RICHARD WEISFISCH would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

10. At all relevant times, each of Defendants 45 MERCER RESTAURANT, LLC, d/b/a GALLI, HOST RG 45, LLC, LOCAL WEST, LLC d/b/a LOCAL WEST, HOST RG 54, LLC, d/b/a BILL'S, HOST RG 40, LLC d/b/a PRINTERS ALLEY, CAMP 1382, LLC d/b/a CAMPAGNOLA, RED ONE PLAZA, LLC, d/b/a LUCY'S CANTINA ROYAL, LDV RG LUCY, LLC, IMIAN 550, LLC, d/b/a PUBLICANS were and continue to be an "enterprise engaged in commerce", within the meaning of the FLSA.

11. At all relevant times, each of the work performed by Plaintiffs and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

12. The Restaurants operate as a "single integrated enterprise":

a) The Corporate Defendants have the common business purpose of operating restaurants in New York City.

b) The Restaurants share a common management and ownership. Individual Defendants are principals and shareholders of the Corporate Defendants and collectively manage the Restaurants.

c)  Defendant CURT HUEGEL is an owner and oversees operations of all the Restaurants collectively. CURT HUEGEL has been identified and has held himself out as the proprietor of Galli, Bill's, Campagnola, Printers Alley, and Lucy's to the press in an interview available online at https://www.broadwayworld.com/bwwfood-wine/article/BWW-Interview-Curt-Huegel-Owner-of-HOST-RESTAURANTS-in-NYC-20170416 and elsewhere.

d)  Defendant JOHN W. HEIL, III is a part-owner of Publicans, Local and Lucy's, which are advertised collectively on the website of Imian Partners, a private equity firm at which JOHN W. HEIL, III is a principal. https://www.imianpartners.com/hospitality/

e)  Non-exempt employees of Corporate Defendants are fully interchangeable. During Plaintiffs' employment by Defendants, Defendants frequently transferred employees, including Plaintiffs, between the Restaurants to perform work on an as-needed basis. Defendants also directed employees, including Plaintiffs, to transport goods and supplies amongst the Restaurants as needed.

f)  The Restaurants maintain centralized labor relations and human resources, and a single payroll system for employees at all facilities.

13. Although Plaintiffs did not work at all of Defendants' Restaurants, **all** of the Restaurants are appropriately named in this Complaint through the relevant Corporate Defendants described above. Because the Restaurants share identical illegal wage and hour policies, the Restaurants and the relevant Corporate Defendants are properly named on the basis of their outstanding liability to the Class members for whom Plaintiffs seek to represent.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

8

14. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including, but not limited to, all dishwashers, food preparers, cooks, line-cooks, barbacks, bartenders, waiters, busboys, servers, porters, and delivery persons employed by Defendants at the Restaurants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16. Furthermore, a subclass of all FLSA Collective Plaintiffs who were tipped employees (including waiters, servers, busboys, bartenders, barbacks, and delivery persons) also suffered as a result of Defendants' failure to pay them the proper minimum wage due to an unlawful tip credit. Defendants were not entitled to deduct any tip credits from the wages earned by the Tipped Subclass, because they failed to satisfy all FLSA requirements for taking a tip credit. Specifically, Defendants (i) failed to provide proper notice to the Tipped Subclass that a tip credit was being claimed,  and (ii) required Plaintiffs and Tipped Subclass Members to spend at least two (2) hours of each shift engaged in non-tipped activities. Plaintiff was a member of both the FLSA Collective and the Tipped Subclass.

17. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

18. Plaintiffs further bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all including, but not limited to, all dishwashers, food preparers, cooks, line-cooks, barbacks, bartenders, waiters, busboys, servers, porters, and delivery persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

19. All said persons, including Plaintiffs, are referred herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

20. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

21. The Class further includes a subclass of tipped employees, including, but not limited to, waiters, servers, bussers, bartenders, barbacks, delivery persons, and busboys ("Tipped Subclass") who also number more than forty (40). Plaintiffs is a member of the Class and the Tipped Subclass.

22. Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants. Defendants' policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures, all culminating in a willful failure to (i) pay employees for all hours worked due to policies of time-shaving and impermissible rounding down of hours, (ii) pay employees spread of hours premium for shifts exceeding 10 hours in duration, (iii) provide employees with wage and hour notices as and when required by law, and (iv) provide employees periodic wage statements with each payment of wages.

23. Further, Plaintiffs and Tipped Subclass Members additionally suffered as a result of Defendants' failure to pay them the proper minimum wage and Defendants' unlawful misappropriation of the tips that they earned. Plaintiffs and the Tipped Subclass members were subjected to Defendants' policy and practice of deducting a tip credit despite Defendants' failure to observe requirements of the NYLL. The tip credit asserted violated the NYLL because Defendants (i) failed to provide adequate notice that a tip credit was being claimed, (ii) failed to record the tip credit allowance taken on periodic wage statements given to Plaintiff and Tipped Subclass members, (iii) required Plaintiff and Tipped Subclass members to spend two (2) hours,

or twenty percent (20%) of each shift engaged in non-tipped activities, and (iv) imposed a mandatory tip pool without first obtaining consent for such tip pooling scheme from Plaintiff or Tipped Subclass Members.

24. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

25. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their

interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class Members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class Members for their work;

d) Whether Defendants failed to pay Plaintiff and the Class at or above the prevailing New York State Minimum Wage.

e) Whether Defendants provided compensation at 1.5 times the regular rate of pay for all hours exceeding 40 per workweek

f) Whether Defendants automatically deducted 30 minutes per day from employees compensation on the basis of a purported meal break, yet required Plaintiffs and Class Members to work through their shifts without any break;

g) Whether Defendants maintained an impermissible policy of rounding down hours'

h) Whether Defendants maintained a policy of failing to pay Plaintiffs and Class Members spread of hours premium for shifts exceeding 10 hours in duration;

i) Whether Defendants provided to Plaintiffs and Class Members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law;

j) Whether Defendants provided to Plaintiffs and Class Members proper wage statements with each payment of wages as required by New York Labor Law, and

k) Whether Defendants provided Plaintiffs and Tipped Subclass Members proper tip credit notice in compliance with New York State Law.

l) Whether Defendants imposed a mandatory tip pool without first obtaining consent from Plaintiffs or Tipped Subclass members;

m) Whether Defendants required Plaintiffs and Tipped Subclass Members to perform non-tipped work for more than two (2) hours, or twenty percent (20%) of each shift;

n) Whether Defendants provided wage statements informing Plaintiffs and Class Members of the amount of tip allowance taken for each payment period;

## <u>STATEMENT OF FACTS</u>

### <u>PLAINTIFF MIGUEL BALLINAS</u>

28. Plaintiff MIGUEL BALLINAS was hired by Defendants' Galli Restaurant as a busser in or around January 2018. Throughout the employment of Plaintiff BALLINAS, in addition to his

duties as a busser, Defendants required that he undertake additional duties as a porter. Defendants also occasionally required Plaintiff BALLINAS to report to Bill's, Printers Alley, Campagnola, and Lucy's to work shifts.  Even though Plaintiff BALLINAS worked shifts in other locations owned by Defendants, he still was paid through Galli Restaurant. Plaintiff BALLINAS's employment by Defendants concluded in February 2019.

29. Through his employment, Plaintiff BALLINAS worked regular hours as follows: 4 days per week for approximately 7 hours per shift, and, in addition, 2 days per week, for approximately 10 hours per shift, for a total of approximately 49 hours per week.

30. From January 2018 to December 2018, Plaintiff BALLINAS was compensated at a regular rate of $8.65 per hour.  Then, from January 2019 to February 2019 Plaintiff BALLINAS was paid at a regular rate of $10 per hour.

**PLAINTIFF MIGUEL TEJEDA**

31. Plaintiff MIGUEL TEJEDA was hired by Defendant's LOCAL WEST as a busser in or around March 2017. During his employment period, Defendants also occasionally required Plaintiff TEJEDA to report to other Restaurants, including Galli and Lucy's to work shifts. Other FLSA Collective Plaintiffs and Class Members were similarly interchangeable among the Restaurants.

32. Through his employment, Plaintiff TEJEDA worked 5 days per week, for approximately 9.5-10.5 hours per day, for a total of approximately 50 hours per week.

33. Through his employment, Plaintiff MIGUEL TEJEDA was compensated at a regular hourly rate of pay of $7.50 per hour.

**DEFENDANTS WERE NOT PERMITTED TO TAKE A TIP CREDIT AGAINST THE WAGES OF PLAINTIFFS AND TIPPED SUBCLASS MEMBERS, BECAUSE THEY FAILED TO MEET ALL REQUIREMENTS FOR A TIP CREDIT**

34. Throughout the employment by Defendants, Defendants asserted a tip credit, and paid Plaintiffs at invalid "tip credit" base hourly wages. Similarly, other Tipped Subclass members were compensated by Defendants at base hourly rates below the prevailing federal and/or state minimum wages. However, Defendants never met either the federal or New York State requirements to claim a tip credit against the wages of Plaintiffs or Tipped Subclass Members.

35. Plaintiffs and Tipped Subclass members did not receive any notices (written or otherwise) that Defendants were claiming a tip credit on tipped employees' compensation.  They were never informed in writing or orally that Defendants were claiming a tip credit allowance, and never received any notice of the amount of tip credit allowance taken for each payment period during their employment, or of the hourly rate of tip credit deduction.

36. Defendants failed to record the tip allowance deducted from compensation earned by Plaintiffs and the Tipped Subclass on the wage statements that they received. The wage statements issued to Plaintiff and the Tipped Subclass also do not state the hourly rate of tip credit claimed.

37.  Plaintiffs and Tipped Subclass members were required by Defendants' management to participate in an invalid "tip pooling" scheme. Plaintiff and Tipped Subclass Members never agreed upon their tip allocation percentage, which was assigned by management and not agreed upon mutually among tipped employees.

38. Plaintiffs and the Tipped Subclass were required to spend more than two (2) hours or twenty percent (20%) of each shift engaged in non-tipped activities. Specifically, Plaintiffs and Tipped Subclass members were required to perform non-tipped tasks including, but not limited to: cleaning, taking out garbage, taking out tablecloths for cleaning, sweeping, mopping, washing dishes, taking receipt of and unloading supplies and storing them, for more than two (2) hours or twenty percent (20%) of each shift.

**PLAINTIFFS, FLSA COLLECTIVE MEMBERS, AND THE CLASS SUFFERED UNPAID REGULAR AND OVERTIME WAGES DUE TO DEFENDANTS' UNLAWFUL POLICIES OF TIME SHAVING AND IMPERMISSIBLE ROUNDING DOWN TO THE HOUR**

39. Plaintiffs were both required by Defendants to work throughout their shifts and were not permitted mid-shift breaks. However, even though no breaks were permitted, Defendants automatically deducted 30 minutes from compensation every from the wages of Plaintiffs, resulting in unpaid regular and overtime wages. FLSA Collective Plaintiffs and Class Members were similarly required to work throughout their shifts and did not receive breaks, but were subject to an automatic 30 minute deduction from wages, and like Plaintiffs, suffered unpaid regular and overtime wages.

40. Defendants subjected Plaintiffs to an impermissible and non-neutral rounding policy whereby daily hours worked were rounded down to the hour for purposes of calculating compensation. This policy of rounding down hours resulted in Plaintiffs being compensated for less regular and overtime hours than they actually worked. Likewise, FLSA Collective Plaintiffs and Class Members were subject to this rounding policy and suffered uncompensated regular and overtime hours as a result.

**DEFENDANTS FAILED TO PAY SPREAD OF HOURS PREMIUM FOR SHIFTS EXCEEDING 10 HOURS IN DURATIONS TO PLAINTIFFS OR CLASS MEMBERS**

41. During his employment by Defendants, Plaintiffs regularly worked shifts exceeding ten (10) hours in duration. However, they never received any spread of hours premium for working such shifts, as required under the NYLL. Similarly, Class Members regularly worked shifts exceeding ten (10) hours in duration, but were never paid spread of hours premium

**DEFENDANTS VIOLATED THE WAGE-AND-HOUR NOTICE AND WAGE STATEMENT REQUIREMENTS WITH RESPECT TO PLAINTIFFS AND CLASS MEMBERS**

42. During their employment by Defendants, Plaintiffs never received a proper wage and hour notice upon hiring or upon changes in the information on the notice, as required under the NYLL. Plaintiffs were never provided with any proper wage and hour notices by Defendants. The wage notices provided did not include accurate regular and overtime rates of pay, the rate of tip credit deduction, or other information required under the NYLL Similarly, Class Members never received proper wage and hour notices upon hiring or upon changes in the information on the notice.

43. During their employment by Defendants, Plaintiffs never received proper wage statements. In fact, Defendants never provided Plaintiffs with any wage statements during their employment. The wage statements provided to Plaintiffs did not include accurate regular and overtime rates of pay, hours worked, the rate of tip credit deduction, or other information required under the NYLL. Similarly, Class Members never received proper wage statements.

44. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

45. Plaintiffs reallege and reaver Paragraphs 1 through 44 of this class and collective action Complaint as if fully set forth herein.

46. At all relevant times, Defendants were and continue to be employers engaged in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207

(a).  Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

47. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

48. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

49. At all relevant times, the Defendants engaged in a policy and practice of refusing to pay Plaintiffs and FLSA Collective Plaintiffs the federal minimum wage.

50. At all relevant times, Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for all hours worked in excess of forty hours per workweek.

51. Plaintiffs is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

52. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

53. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

54. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff sand FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wage, overtime wages, plus an equal amount as liquidated damages.

55. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

56. Plaintiffs realleges and reavers Paragraphs 1 through 54 of this class and collective action Complaint as if fully set forth herein.

57. At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

58. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay the prevailing New York State minimum wage.

59. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek

60. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them spread of hours premium for working shifts in excess of ten (10) hours in duration.

61. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

62. Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

63. Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid minimum wages due to invalid tip credit, unpaid off-the-clock work, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law.

b) An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c) An award of liquidated and/or punitive damages as a result of unpaid minimum wage under the FLSA and the New York Labor Law;

d) An award of damages to Plaintiff, retroactive to the date of his discharge and prior, for all lost wages and benefits, past and future, back and front pay, resulting from Defendants' unlawful employment practices and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

e) An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

f) An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

g)  An award of unpaid compensation due to Defendants' policies of time-shaving and impermissible rounding;

h)  An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

i)  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage, pursuant to 29 U.S.C. § 216;

j)  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage, and compensation for all hours work, pursuant to the New York Labor Law;

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury

Dated: August 19, 2019

Respectfully submitted,

By: _/s/ C.K. Lee_
C.K. Lee, Esq. (CL 4086)

LEE LITIGATION GROUP, PLLC
CK Lee (CL 4086)
Taimur Alamgir (TA 9007)
148 West 24th Street, 8th Floor
New York, New York 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiffs,*
*FLSA Collective Plaintiffs, and Class Members*